**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS ALBERTO BETANCOURT PEREZ (A-No. 240-174-159), <br><br> Petitioner, <br><br> v. <br><br> WARDEN, MESA VERDE DETENTION CENTER, et al., <br><br> Respondents. | Case No. 1:26-cv-03272-JLT-SAB <br><br> ORDER GRANTING THE PETITION FOR HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING <br><br> (Docs. 1, 2.) |

## I.    INTRODUCTION

Before the Court is Luis Alberto Betancourt Perez's motion for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), a legal position that this Court has repeatedly rejected. (*See* Doc. 7.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 4.) Respondents do not request a hearing or further briefing and "submit on [their] response." (Doc. 7 at 2, 2 n.1.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition.

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    FACTUAL BACKGROUND

Petitioner is a citizen of Mexico who entered the United States on or around July 2018, without inspection or parole, and was unencountered at that time.[2] (*See* Doc. 1 at 3–4; Doc. 2 at 4; Doc. 7 at 2.) There is no indication in the record that Petitioner has any pending applications for relief with the immigration court. (Docs. 1, 2, 7, 8.) On April 1, 2026, while Petitioner was on his way to work, he was arrested by Immigration and Customs Enforcement. (Doc. 1 at 3.) Petitioner was subsequently placed into removal proceedings and is not currently subject to a final order of removal.[3] (*See id*. at 4.) There is no indication in the record that Petitioner has a criminal history. (*See* Docs. 1, 2, 7, 8.) Petitioner is detained at Mesa Verde Detention Center in Bakersfield, California. (Doc. 1 at 4.)

## IV.    DISCUSSION

The government filed an opposition to the petition and motion for TRO, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (*See* Doc. 7.) This Court has previously addressed similar due process arguments

---

[2]  Though Petitioner indicates that he entered the United States in July 2018, he does not claim to have been encountered by immigration officials, processed and released on parole, or released on his own recognizance. (*See* Doc. 1 at 3–4; Doc. 2 at 4.) Indeed, Respondents indicate that "Petitioner was not previously on supervision" (Doc. 7 at 2), and Petitioner does not refute such claim in his reply. (*See* Doc. 8.) As such, the Court finds that Petitioner was unencountered until his recent arrest by ICE.

[3]  Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration proceedings began around April 2, 2026, soon after his arrest, and that his case is pending with an upcoming hearing scheduled for June 10, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 8, 2026).

made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. Thus, for the reasons set forth, the Court **ORDERS:**

1.   The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

2.   The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.

2.   Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) **within 14 days** of the date of this order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained. If Respondents fail to provide Petitioner with a timely bond hearing under 8 U.S.C. § 1226(a) in accordance with this order, Respondents are ordered to immediately release Petitioner.

3.      Prior to the bond hearing, Petitioner and his counsel **SHALL** receive meaningful notice of the scheduled hearing and **SHALL** both be entitled to appear at the hearing.

4.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    **May 8, 2026**

UNITED STATES DISTRICT JUDGE